Swing, J.
This action is one for specific performance, and comes here by appeal.
The facts alleged in plaintiff’s petition are in substance, that on the 9th day of March, 1881, the plaintiff and one Simon Pine, since deceased, entered into a written contract, whereby said Simon Pine, in consideration of $200 cash, $200 by July 7, 1881, and $200 by August 7, 1881, agreed to convey to said plaintiff a certain tract of land in Symmes township, in this county. That a warranty deed in fee-simple was to be made to .said plaintiff when he should have paid said sum *360 of $600. That^he paid on said 9th day of March, 1881, the said Pine the sum of $200, and entered into possession of said premises, andUs still in possession of the same, with the exception of about"five acres off the north end of the said premises. That he afterwards paid said Pine the further sum of seventy-five dollars on account of said purchase. That said Simon Pine died on November 21st, 1884, leaving a last will. That the defendant, Leroy Pine, was appointed and qualified as executor under said will, and that he acted as such until removed by the probate court of said county. That while said ¡Leroy Pine was acting as said executor, to-wit, on the 17th day of January, 1885, plaintiff entered into an agreement with him, by which he was to pay to said executor $125, and said executor was to execute to him a deed in fee-simple for said premises. That acting under this agreement, he paid to said executor the sum of $20, and afterwards, to-wit, on the 20th day of January, 1885, tendered him the balance of said $125. That said executor executed a deed in fee-simple for said premises on the day that said $20 was paid, but after-wards refused to deliver said deed. That said Leroy Pine and Eliza Barnes, who are made defendants, are the next of kin and sole heirs of said Simon Pine, and that Joseph T. Wallingford, who is made a party defendant, is the administrator with the will annexed of said decedent’s estate.
In addition to those mentioned as defendants, the plaintiff made defendants certain parties who claimed to hold liens against said real estate, and those parties all filed answers and cross-petitions setting up their respective claims.
Said Wallingford filed an answer, which, in effect, so far as raising an issue for trial was concerned, was a denial of the allegations that five acres had been taken off the north end of said premises; that Leroy Pine had agreed to deed said premises to said plaintiff for $125; that twenty dollars were paid to the said Pine on said agreement, and that said plaintiff tendered said sum of $105. Said Wallingford, as said administrator, after making these denials, by way of cross-petition, says that the personal assets of said estate are insufficient to pay the debts of the estate, and asks that he may be ordered to sell said premises to pay the same.
*361 On the trial the original contract was produced in evidence which is the same as set out in plaintiff’s petition. The premises to be conveyed are 26 acres of land in Symmes township; the deed was to be a warranty deed against all incumbrances, and the price $600, — $200 cash, $200 on July 7, 1881, and $200 on August 7, 1881. On the contract is a receipt of the date of May 9, 1881, for $200, and other receipts were offered by plaintiff of forty dollars of August 5, 1881, and $35 of October 2, 1881, on account of payments on said contract. These were all the payments made to Simon Pine on account of this agreement— the balance due thereon would therefore be $325. The testimony disclosed the facts that a misunderstanding arose between Pollock and Pine as to the land agreed to be conveyed by this contract. The land was originally set off to Elizabeth Pine, the wife of Simon Pine, in proceedings in partition as one of the heirs of Daniel Knicely, dec’d, and was willed to Simon Pine by his said wife. In the plat which the commissioners returned and had entered on record as being the portion set off to Elizabeth Pine, it was described as 26 acres and a fraction, whereas the lines of the plat really contained 31 acres.
Afterwards this was attempted to be corrected, so that the said Elizabeth should receive but the 26 acres, and that the line as shown on the plat was wrong. Pollock, it seems, claimed that he purchased from Pine the land contained within the lines of the plat as first returned by the commissioners, and by reason of this difference between them, the terms of the contract were not complied with.
Simon Pine died on November 21st, 1884, leaving a will by which the defendants Leroy Pine and Eliza Bowers were made his sole devisees, and the said Leroy Pine was made his executor. By this will the testator authorized the executor to sell and convey said real estate.
The language of the will is as follows, speaking of his executor: “Shall rent or sell the same, giving leases or deeds, and doing all lawful acts that I might do were I living, and in the event of selling or leasing, the proceeds to be divided between him and my sister Mary Bowers.”
In our judgment, said executor was not authorized by this will to compromise this claim, and bind this estate by con *362 tract to convey said premises. At the time of the alleged agreement, there was remaining due upon the contract of sale the sum of $325, with interest. We do not see how it can be claimed under a power to sell and convey, that an executor may enter into an agreement to sell and convey for less than one-third of the purchase-price previously agreed upon. Certainly no court would enforce such a contract against the estate.
N. McLean, for plaintiff.
Morrow & .Cunningham, for defendants.
The executor might in a proper action be made to respond to the party enjoined in damages, but certainly the estate would not be bound by such a contract. But we are satisfied, from the evidence, that the executor never made the contract alleged to have been made by him.
It is not necessary that I should enter into details to give the reasons why we come to this conclusion; but I may say that the conviction was forced home to our minds that the evidence given by Mr. Leroy Pine was true, not only as to his agreement to convey, but also as to his receiving the $20.00 claimed to have been paid him.
From these conclusions it follows that the plaintiff has wholly failed to make out his case, and his petition must therefore be dismissed, and with it must also fall all the answers and cross-petitions of the defendants.
The lienholders were only proper parties in order to give the plaintiff a good title, provided he made out his case; but when he failed they ceased to have an independent standing in court.
The answer and cross-petition of the administrator to sell real estate to pay debts must also be denied for the same-reason.
The petition of the plaintiff will be dismissed without prejudice to another action, for the reason that we are of the-opinion that upon the tender of the balance due on the contract the plaintiff is entitled to receive a deed for said premises.
The costs will be taxed against the plaintiff.